BERNARD MORWITZ v. ATLANTIC CITY.

Argued November 8, 1905—Decided February 26, 1906.

A municipal ordinance which is not entirely void cannot be questioned on *certiorari* by a person who is not shown to be affected by any of its provisions.

On *certiorari.*

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *John J. Crandall.*

For the city, *Harry Wootton.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up for review an ordinance of Atlantic City, approved July 17th, 1905, regulating the use of rolling chairs and invalid chairs for carrying passengers on the boardwalk along the ocean in front of the city. The ordinance contains provisions limiting the size of such chairs, requiring their hubs to be covered, prescribing the speed at which and the parts of the walk in which they may be propelled, and forbidding their propulsion by persons under eighteen years of age. It also ordains that such chairs must be licensed under the Mercantile License ordinances of the city.

The reasons assigned for setting aside this ordinance are that the city had no power to prohibit the use of invalid chairs upon the boardwalk or to limit their size.

What was said in the case of Harris *v.* Atlantic City, decided at the present term, makes it plain that we consider the city empowered to prescribe and enforce at least some of the provisions of this ordinance. We cannot adjudge it to be wholly invalid. Which, if any, of its features affects the prosecutor, the case in hand does not show, and until he is so affected he has no standing to question an ordinance that is not entirely void. *Pennsylvania Railroad Co.* v. *Jersey City,* 18 *Vroom* 286.

This *certiorari* should be dismissed, with costs.